1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALVAN A. ADAMS,

11          Plaintiff,                    No. CIV S-07-1225 LKK EFB P

12      vs.

13   R. SUBIA, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner without counsel prosecuting a civil rights action.  <u>See</u> 42

17   U.S.C. § 1983.  He seeks leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).  This

18   proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

20          Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial

21   partial payment of $1.00 is assessed pursuant to section 1915(b)(1).  Plaintiff must make

22   monthly payments of 20 percent of the preceding month's income credited to his trust account.

23   *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments

24   from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds

25   $10 until the filing fee is paid.

26   /////

1

The court has reviewed plaintiff's first amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Yarns, Shirley, Johnson, Martinez, and Hamilton.  *See* 28 U.S.C. § 1915A.

The complaint does not state a cognizable claim against defendants Subia, Campbell, Blim, Bunell, Doherty, Duclos, Garcia, Grannis, Hall, Knipp, MacNeil, May, B.R. May, Montanez, Meadows, Pennington, Reaves, Reyes, or Rhoades.

Plaintiff may proceed forthwith to serve defendants Yarns, Shirley, Johnson, Martinez, and Hamilton and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Subia, Campbell, Blim, Bunnell, Doherty, Duclos, Garcia, Grannis, Hall, Knipp, MacNeil, May, B.R. May, Montanez, Meadows, Pennington, Reaves, Reyes, or Rhoades.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against these defendants, he has 30 days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Yarns, Shirley, Johnson, Martinez, and Hamilton, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Subia, Campbell, Blim, Bunnell, Doherty, Duclos, Garcia, Grannis, Hall, Knipp, MacNeil, May, B.R. May, Montanez, Meadows, Pennington, Reaves, Reyes, or Rhoades without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

1    If plaintiff's pleading is deficient on account of an omission or technical defect, the court

2    will not dismiss it without first identifying the problem and giving plaintiff an opportunity to

3    cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be

4    construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

5    violates the federal rules, once explained, or the court's plain orders.

6    An amended complaint must be complete in itself without reference to any prior

7    pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

8    files an amended complaint, the original pleading is superseded.

9    By signing a second amended complaint plaintiff certifies he has made reasonable

10   inquiry and has evidentiary support for his allegations and that for violation of this rule the court

11   may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

12   A prisoner may bring no § 1983 action until he has exhausted such administrative

13   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

14   *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

15   departmental decision, action, condition, or policy which they can demonstrate as having an

16   adverse effect upon their welfare."  *Cal. Code Regs. Tit.* 15, § 3084.1, et seq.   An appeal must

17   be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

18   "action requested."   Therefore, this court ordinarily will review only claims against prison

19   officials within the scope of the problem reported in a CDC form 602 or an interview or claims

20   that were or should have been uncovered in the review promised by the department.  Plaintiff is

21   further admonished that by signing an amended complaint he certifies his claims are warranted

22   by existing law, including the law that he exhaust administrative remedies, and that for violation

23   of this rule plaintiff risks dismissal of his entire action, including his claims against defendants

24   Yarns, Shirley, Johnson, Martinez, and Hamilton.

25   Accordingly, the court hereby orders that:

26   1.  Plaintiff's request to proceed *in forma pauperis* is granted.

4

2.  Plaintiff is must pay the statutory filing fee of $350 for this action and make an initial payment of $1.00.  All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Claims against defendants Subia, Campbell, Blim, Bunnell, Doherty, Duclos, Garcia, Grannis, Hall, Knipp, MacNeil, May, B.R. May, Montanez, Meadows, Pennington, Reaves, Reyes, or Rhoades are dismissed with leave to amend.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4.  The allegations in the pleading are sufficient at least to state cognizable claims against defendants Yarns, Shirley, Johnson, Martinez, and Hamilton.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed August 3, 2007, five USM-285 forms and instructions for service of process on defendants Yarns, Shirley, Johnson, Martinez, and Hamilton.  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and six copies of the August 3, 2007 complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Yarns, Shirley, Johnson, Martinez, and Hamilton will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Subia, Campbell, Blim, Bunnell, Doherty, Duclos, Garcia, Grannis, Hall, Knipp, MacNeil, May, B.R. May, Montanez, Meadows, Pennington, Reaves, Reyes, or Rhoades without prejudice.

Dated:  August 31, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALVAN A. ADAMS,

11              Plaintiff,                    No. CIV S-07-1225 LKK EFB P

12        vs.

13   R. SUBIA, et al.,

14              Defendants.          <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

15   _____/

16          Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              ___1___          completed summons form

19              _____           completed forms USM-285

20              _____           copies of the _____

21                                            Amended Complaint

22   Dated:

23                                   _____
                                                 Plaintiff
24

25

26

                                            6