IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVAN A. ADAMS,

        Plaintiff,                    No. CIV S-07-1225 LKK EFB P

    vs.

R. SUBIA, et al.,

        Defendants.            ORDER AND
                                                  FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. On August 31, 2007, the court found that plaintiff's first amended complaint stated a claim against some but not all defendants and gave plaintiff leave to amend. On January 17, 2008, plaintiff filed a second amended complaint.

        The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim against defendants Yarns, Montanez, Johnson, Martinez, and Hamilton. *See* 28 U.S.C. § 1915A.

        For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants Meadows, Blim, Shirley, Duclos, Castro, White, and Campbell.

/////

1  Plaintiff claims that Meadows lost or destroyed plaintiff's identification card and,
2 following this, plaintiff told Meadows that "since they just reversed affirmative action do you
3 really think this is worth losing the best job you'll ever be able [to] obtain?"  Meadows
4 responded by filing a rules violation against plaintiff, which plaintiff claims was an act of
5 retaliation.
6  To state a claim for retaliation, plaintiff must allege that on a specified date an individual
7 state actor took adverse action against plaintiff for his engagement in a constitutionally protected
8 activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably
9 advance a legitimate penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir.
10 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).  Plaintiff has not alleged facts,
11 which if true, demonstrate that the rules violation was filed in retaliation for protected activity.
12 Nor could he.  He cannot claim to have been engaged in a constitutionally-protected activity
13 when, as his complaint shows, he insulted Meadows by making a statement regarding his
14 employability without the benefit of affirmative action.  Plaintiff also has failed to show that
15 Meadow's filing of the rules violation report against him was not done to reasonably advance the
16 legitimate penological goal of maintaining institutional order.  Plaintiff has failed to state a
17 retaliation claim against Meadows.
18  Plaintiff also claims that defendant Blim retaliated against him by placing him in
19 administrative segregation.  Plaintiff does not allege facts that, if true, demonstrate that this was
20 due to his engagement in constitutionally-protected activity, nor does he claim that this chilled
21 his exercise of his rights.  Plaintiff has failed to state a claim against Blim.
22  Plaintiff claims that defendant Shirley, once assigned to assist plaintiff in the hearing on
23 his rules violation report, failed to perform duties of a staff assistant.  Plaintiff does not state
24 facts in support of this claim.  To state a claim under 42 U.S.C. § 1983, plaintiff must allege that
25 an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of
26 the United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49

(1988).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.  Plaintiff has failed to describe any specific act(s) by defendant Shirley that allegedly him of a federal constitutional right.  Plaintiff has therefore failed to state a claim against Shirley.

Plaintiff claims that after Blim ordered him placed in administrative segregation, defendants Shirley and Duclos strip-searched him, seized all of his property, including clothing, legal materials, and medically ordered appliances.  Because California has an adequate post-deprivation remedy for the alleged deprivation of his property, plaintiff has no cognizable claim under § 1983.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  In addition, because plaintiff was being moved to more secure housing in administrative segregation, plaintiff has failed to state a claim that these searches and seizures were unconstitutional under the circumstances.  Plaintiff has therefore failed to state a claim against Shirley and Duclos.

Plaintiff next claims that defendants Castro, Shirley, Duclos, and White violated his constitutional rights by denying him the use of the restroom despite his history of bladder cancer. Plaintiff has failed to allege facts sufficient to state a claim in this regard because he fails to indicate any supporting facts, such as the duration of time within which defendants allegedly denied him the use of a restroom, or the consequences of such denials.  Defendants' alleged

////

1 refusal of plaintiff's requests to use the bathroom on one occasion does not constitute an extreme
2 deprivation sufficient to establish an Eighth Amendment claim.

3 Castro, Shirley, and Duclos escorted plaintiff wearing only his underwear across A and C
4 yards to ad-seg housing. Plaintiff does not indicate how this deprived him of a constitutional
5 right. The Ninth Circuit has noted that a prisoner's right to privacy is very limited, *see Somers v.*
6 *Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) ("highly questionable" whether inmates have Fourth
7 Amendment right to be free from routine unclothed searches or viewing of their unclothed
8 bodies by officials of the opposite sex); *Jordan v. Gardner*, 986 F.2d 1521, 1524-25 (9th
9 Cir.1993) (en banc) (prior case law suggests inmates' legitimate expectations of bodily privacy
10 "extremely limited"; privacy interest in freedom from cross-gender clothed body searches not
11 "judicially recognized"). Plaintiff has also failed to allege facts indicating that the incident was
12 "sufficiently grave to form the basis of an Eighth Amendment violation," *Hudson v. McMillian*,
13 503 U.S. 1, 9 (1992) (quotations and citations omitted), and the conduct of the defendants rose to
14 the level of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

15 Plaintiff claims that defendant Rosanne Campbell failed as chief disciplinary officer "to
16 take administrative, disciplinary, or other actions to curb the known pattern of abuse of inmates
17 rights." To state a claim against a supervisor who did not personally inflict the injury alleged,
18 plaintiff must allege the supervisor (1) caused others to act, or knowingly refused to stop them
19 from acting, knowing or having reasonable cause to know they would inflict injury; (2) approved
20 such conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid
21 such injury as to demonstrate reckless or callous indifference to constitutional injury. *Redman v.*
22 *County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d
23 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v.*
24 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also*, *Jones v. Williams*, 297 F.3d 930, 937 & fn. 4
25 (9th Cir. 2002). Plaintiff's bare allegation is insufficient to state a claim against defendant
26 ////

Campbell. Without more, plaintiff's allegation is based solely on a theory of respondeat superior, which is not cognizable under 42 U.S.C. § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Yarns, Montanez, Johnson, Martinez, and Hamilton. *See* 28 U.S.C. § 1915A.

2. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed January 17, 2008, five USM-285 forms and instructions for service of process on defendants Yarns, Montanez, Johnson, Martinez, and Hamilton.

3. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and six copies of the endorsed January 17, 2008, complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Yarns, Montanez, Johnson, Martinez, and Hamilton will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's claims against defendants Meadows, Blim, Shirley, Duclos, Castro, White, and Campbell be dismissed. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   April 9, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVAN A. ADAMS,,

       Plaintiff,                  No. CIV S-07-1225 MCE EFB P

   vs.

R. SUBIA, et al.,

       Defendants.           <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                            /

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

         <u> 1 </u>       completed summons form

         <u>     </u>       completed forms USM-285

         <u>     </u>       copies of the _____
                                       Second Amended Complaint

Dated:

                                     Plaintiff