IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALVAN A. ADAMS,

      Plaintiff,                         No. CIV S-07-1225 MCE EFB P

      vs.

R. SUBIA, et al.,                    FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds on his May 5, 2009 fourth amended complaint, wherein he alleges that defendant Shirley violated plaintiff's Eighth Amendment rights and that defendant Montanez violated plaintiff's First Amendment rights.

      Currently pending is defendants' January 19, 2010 motion to dismiss plaintiff's complaint for failure to exhaust administrative remedies prior to filing suit and for failure to state a claim upon which relief could be granted. Defendants also moved to sever misjoined claims or to drop a misjoined defendant. For the reasons stated below, the court finds that defendants' motion to dismiss for failure to exhaust must be granted and defendant's motion to sever should therefore be denied as moot.

////

1

**I.     Legal Standards**

**A.  Motion to Dismiss for Failure to Exhaust**

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003). Nor does § 1997e(a) require a plaintiff to plead exhaustion. *Id.* at 1119. Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion." *Id.* The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and summary judgment "is on the merits," the defense should be treated as a matter in abatement[1] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.*

---

[1] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed.

The Ninth Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.  However, for the reasons discussed below, standards under Rule 56 must be applied this "unenumerated Rule 12(b)" motion.

The United States Supreme Court confirmed in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that failure to exhaust under the PLRA is an affirmative defense.  If the affirmative defense can be decided on the pleadings alone, i.e. the face of the complaint establishes the fact that there has been no exhaustion, a motion under Rule 12(b)(6) is appropriate.  *Id.* at 215.  Using the example of a motion to dismiss based on a statute limitations defense, the Court stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c).  Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id.*

However, where the facts supporting the affirmative defense are not established by the allegations of the complaint and instead require the presentation of evidence outside the pleadings (including failure to exhaust as required by 42 U.S.C. § 1997e(a)) a motion raising the

---

1990).  The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it.  It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990).  The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule."  Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor.  The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'"  Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement.  *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

defense is properly considered under the standards for summary judgment, with disputed material factual issues reserved for trial.[2]  Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[3]  These fundamental principles under the Federal Rules of Civil Procedure are not changed by the PLRA.  The Supreme Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and cautioned that departures from the usual procedural requirements are to be expressly made by Congress.  *Jones*, 549 U.S. at 212, 214-16.

Thus, it appears that the requirement under Rule 12(b) that motions raising affirmative defenses that require the submission of declarations or other matters extrinsic to the complaint require that the motion be treated as a Rule 56 motion for summary judgment, applies to motions raising the failure a of prisoner to exhaust administrative remedies.  Indeed, the Ninth Circuit

---

[2] As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently a motion for "summary judgment is on the merits," and a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119.  But, a motion asserting an affirmative defense, even when it does not address the merits of the substantive claims, should be brought under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense.  Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

[3] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

4

stated in *Wyatt* that when the district court looks beyond the pleadings to a factual record, which commonly occurs in deciding an exhaustion motion, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1120, n.14.[4]

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court analyzes the motion, as *Wyatt* suggests, under a standard "closely analogous to summary judgment." 315 F.3d at 1120, n.14. If, under that standard, the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

**B. Summary Judgment Standards**

Under Rule 56, resolution of the exhaustion issue in favor of defendants is appropriate when it is demonstrated that there is "no genuine issue as to any material fact" over the question. Fed. R. Civ. P. 56(c). The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*). If the moving party meets its burden with a properly supported

---

[4] Thus, whether a motion for failure to exhaust under the PLRA may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the "merits" of the claim. Regardless of whether judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (i.e., exhaustion, issue or claim preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.").

motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir.1995).

For the opposing party to establish a genuine issue of fact the factual dispute must meet two requirements. First, the dispute must be over a fact(s) that is material, i.e. one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law, which here involves the question of whether plaintiff has met the exhaustion requirement. *Id.* ("As to materiality, the substantive law will identify which facts are material.")

Second, the dispute must be genuine. In this regard, the court must focus on which party bears the burden of proof on the factual dispute in question. Where the opposing party bears the burden of proof on the issue in dispute, conclusory allegations, unsupported by factual material, are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the record relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. If the evidence presented could not support a judgment in that party's favor, there is no genuine issue. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. at 323.

Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that affects the outcome of the case.

On August 31, 2009, the court informed plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion

pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),  *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

**C.  Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

> To initiate the process, an inmate must fill out a simple form, Dept. of Corrections, Inmate/Parolee Appeal Form, CDC 602 (12/87) (hereinafter Form 602), that is made "readily available to all inmates."  Cal. Code Regs. tit. 15, § 3084.1(c) (2004).  The inmate must fill out two parts of the form: part A, which is labeled "Describe Problem," and part B, which is labeled "Action Requested."  Then, as explained on Form 602 itself, the prisoner "must first informally seek relief through discussion with the appropriate staff member." [] The staff member fills in part C of Form 602 under the heading "Staff Response" and then returns the form to the inmate.
>
> If the prisoner is dissatisfied with the result of the informal review, or if informal review is waived by the State, the inmate may pursue a three-step review process.  *See* Cal. Code Regs. tit. 15, §§ 3084.5(b)-(d).  Although California labels this three-step process "formal" review (apparently to distinguish this process from the prior step), the three-step process is relatively simple.  At the first level, the prisoner must fill in part D of Form 602, which states:  "If you are dissatisfied, explain below." [ ]  The inmate then must submit the form, together with a few other documents, to the Appeals Coordinator within 15 working days-three weeks-of the action taken.  *Id*., § 3084.6(c).  This level may be bypassed by the Appeals Coordinator in certain circumstances.  *Id*., § 3084.5(b).  Within 15 work-days after an inmate submits an appeal, the reviewer must inform the inmate of the outcome by completing part E of Form 602 and returning the form to the inmate.
>
> If the prisoner receives an adverse determination at this first level, or if this level is bypassed, the inmate may proceed to the second level of review conducted by the warden.  *Id*., §§ 3084.5(c), (e)(1). The inmate does this by filling in part F of Form 602 and submitting the form within fifteen work-days of the prior decision.  Within ten working days thereafter, the reviewer provides a decision on a letter that is attached to the form.  If the prisoner's claim is again denied or the prisoner otherwise is dissatisfied with the result, the prisoner must explain the basis for his or her dissatisfaction on part H of the form and mail the form to the Director of the California Department of Corrections and Rehabilitation within 15 working days.  *Id*., § 3084.5(e)(2).  An inmate's appeal may be rejected where "[t]ime limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints."  *Id*., § 3084.3(c)(6).

7

*Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a). All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. *McKinney*, 311 F.3d at 1200. The claim must be properly exhausted; therefore, an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the exhaustion requirement. *Woodford*, 548 U.S. at 83-84.

## II.    Plaintiff's Fourth Amended Complaint

Plaintiff alleges that on April 6, 2006, while confined in a holding cage for three to five hours, defendant Shirley denied and laughed at plaintiff's repeated requests to use the restroom facilities, notwithstanding the fact that plaintiff informed Shirley of his inability to hold his urine because of his benign prostrate hypertrophy and possible bladder cancer. Dckt No. 31, ¶¶ 9, 11. Plaintiff alleges that Shirley then escorted him to administrative segregation in front of "C" yard inmates, while plaintiff was wearing only soiled boxers, a t-shirt and boots. *Id.* ¶ 13. Next, plaintiff alleges that Shirley strip-searched him, seized all of his property and ignored his requests for a "fish-kit" containing certain hygiene materials. *Id.* ¶ 15. Plaintiff alleges he is a practicing Tibetan Gelugpa Buddhist, and that while housed in administrative segregation from April 6, 2006 through April 27, 2006, defendant Montanez repeatedly denied plaintiff's requests for his religious items, including his Buddhist prayer book, prayer beads, and his Tibetan Lunar Calendar. *Id.* ¶¶ 17-19.

On June 24, 2009, the court found that the fourth amended complaint stated a cognizable claim against defendant Shirley for violating plaintiff's Eighth Amendment rights as well as a cognizable claim against defendant Montanez for violating plaintiff's First Amendment rights. Dckt. No. 32; *see also* Dckt. No. 28 at 9-10 (order granting plaintiff leave to file a fourth amended complaint limited to Eighth Amendment claim against Shirley and claim against Montanez regarding the events that transpired between April 6, 2006 and April 27, 2006).

## III. Discussion

Defendants contend that plaintiff failed to exhaust his administrative remedies prior to filing suit, and therefore, his complaint must be dismissed. Defs.' Mot. to Dism. ("Mot."), Mem. of P. & A. in Supp. Thereof ("Defs.' P. & A.") at 3. Specifically, defendants contend that the only grievance plaintiff filed that actually addressed his allegations against Shirley and Montanez, is not sufficient to exhaust plaintiff's claims. *Id.* at 4.

Defendants submit the declaration of R. Burton, appeals coordinator at Mule Creek State Prison in Ione, California, where the events giving rise to this action allegedly occurred. *Id.*, Decl. of R. Burton ¶ 1. Burton indicates that he is familiar with the record keeping system at Mule Creek, and can verify the status of an inmate's formal and second-level appeals. *Id.* ¶ 5. Burton states the he searched the records at Mule Creek to determine whether plaintiff filed an appeal regarding the claims alleged in the complaint, and found that plaintiff filed only one such appeal that was accepted at the First or Second Level of review. *Id.* ¶ 7 (referring to Mule Creek State Prison Log Number 06-00818, discussed below).

Defendants also submit the declaration of D. Foston, the Chief of the Inmate Appeals Branch in Sacramento California, which reviews all inmate appeals filed at the Director's Level of Review. *Id.*, Decl. of D. Foston ("Foston Decl.") ¶¶ 1, 4. Foston indicates that he too has searched the records for appeals accepted from plaintiff concerning the allegations raised in the complaint. *Id.* ¶ 6. His search revealed that plaintiff submitted only one such appeal that was accepted for review at the Director's Level. *Id.* (also referring to Mule Creek State Prison Log Number 06-00818).[5] *Id.* In this appeal, plaintiff stated:

> I appeal the act(s) decision(s) of Warden R. Campbell and all staff under his command/control involved in deliberately loosing [sic] my personal property when being transported only wearing boxers and Tshirt and boots to AD-SEG 04-06-06 by c/o Shirlee, Duclose and Castro. I spoke to AD-SEG c/o Montanez

---

[5] While Foston purports to attach a copy of this grievance to his declaration as Exhibit A, no exhibit is attached. *See* Foston Decl. ¶ 7. Plaintiff, however, submitted a copy of the grievance with his opposition brief. *See* Dckt. No. 45 at 37-38.

9

> who doesn't acknowledge receiving any property as claimed by c/o Shirlee. Property consists of, but isn't limited to, prescription transitional white metal framed glasses; gray turtle neck sweat top; BLK bic pen; legal notes; copy of 115; CCR Title 15; Holds cold tabs; medically prescribed insoles; I/D card; copy of chronos.

Dckt. No. 45 at 37, § A.[6]  As a remedy, plaintiff requested the "immediate return of [his] legal property or fair market value of its replacement" and added that his "notes and copies are irreplaceable and need to be returned." *Id.*

Defendants argue that this appeal relates only to an alleged loss of personal property, and that it would not have put the institution on notice of plaintiff's claims that defendant Montanez wrongfully denied plaintiff access to his religious property or that defendant Shirley denied him access to restroom facilities, escorted him in soiled boxers, subjected him to an unclothed body search and denied his request for a "fish-kit" containing hygiene supplies. Defs.' P. & A. at 4-5. Therefore, defendants contend that the problem described in the appeal was insufficient to exhaust plaintiff's administrative remedies. Defendants note that while the appeal mentions the April 6, 2006 escort, plaintiff did not suggest that the escort was wrongful, or otherwise provide any facts that would have alerted staff of a potential Eighth Amendment violation. *Id.* at 5. Indeed, this appeal did not exhaust plaintiff's administrative remedies, as it would not notify the prison of the problem described by plaintiff in the instant complaint, i.e., that Montanez violated plaintiff's First Amendment free exercise right or that Shirley acted with deliberate indifference in violation of plaintiff's Eighth Amendment rights. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (concluding that inmate grievance cannot serve to exhaust administrative remedies where it fails to "'alert[ ] the prison to the nature of the wrong for which redress is sought.'") (citation omitted).

In opposition, plaintiff asserts that defendants refused his repeated requests for an appeal form, thereby making the grievance process unavailable to him. Dckt. No. 45 at 9-10. Plaintiff

---

[6] Not all of the pages of the opposition brief and exhibits are numbered. Accordingly, the court has numbered them sequentially as pages 1 through 53.

10

is not specific as to when he purportedly requested such forms. However, plaintiff indicates that the forms are provided in the "fish-kits" that are "normally given to ad-seg admittees," which plaintiff alleges, the defendants refused to provide to him during the period of April 6, 2006 through April 27, 2006, when he was housed in administrative segregation. Dckt. No. 31, ¶¶ 15, 17-18; Dckt. No. 45 at 5-6, 9. From April 6, 2006 through April 27, 2006, however, plaintiff filed at least five inmate appeals.[7] Defs.' Reply at 3 (referencing inmate appeals filed by plaintiff, as evidenced by the attachments to plaintiff's opposition brief); *see also* Dckt. No. 45 at 22 (plaintiff's declaration that he filed an inmate appeal on April 17, 2006); 26 (copy of appeal # 06-973, filed April 25, 2006); 37 (copy of appeal # 06-818, filed April 21, 2006); 47 (copy of appeal # 06-1004, filed April 6, 2006); 49 (copy of appeal # 06-010705, filed April 18, 2006[8]). Thus, plaintiff's own exhibits belie his assertion that the grievance process was made unavailable to him.

Contradicting his initial argument that the grievance process was made unavailable to him, plaintiff submits a declaration stating that on April 17, 2006, he filed an inmate appeal regarding the alleged violation of his First Amendment rights. Dckt. No. 45 at 22. Plaintiff states that the appeal was returned to him because he failed to first attempt resolving the problem at the informal level. *Id.* Plaintiff's exhibits, however, suggest that this appeal was properly screened out. In the exhibit identified by plaintiff as "602 of April 17th 2006," plaintiff did not note any attempt to resolve the grievance at the informal level. Dckt. No. 45 at 16 (Table of

---

[7] Plaintiff attached copies of various inmate appeals to his opposition brief. Although plaintiff does not argue that any of these appeals exhausted his administrative remedies, the court has, in an abundance of caution, reviewed them and determined that none of them would serve to exhaust the administrative remedies as to the claims raised in the instant complaint.

[8] While this grievance would not serve to exhaust plaintiff's claims because (1) it would not alert the prison to the nature of the wrong for which redress is sought, and (2) because there is no evidence that it was accepted for review at the Director's Level, the court is troubled by the fact that Burton failed to mention it in his declaration, as it includes plaintiff's complaints about the handling of his personal property by Shirley and Montanez on April 6th, and without suggesting it was wrongful, references Shirley's alleged strip search. *See* Dckt. No. 45 at 49-50.

1 Contents), 19 ("602 of April 17th 2006"); *see* Cal. Code Regs. tit. 15, § 3084.3(c)(4) (providing
2 that appeal may be rejected where inmate has not included evidence of attempt to resolve
3 grievance at informal level). In the exhibit identified by plaintiff as "April 18th 2006 602
4 Informal Level Return," the Mule Creek Appeals Coordinator instructed plaintiff to return the
5 form to the Appeals Coordinator if plaintiff believed the screen out was in error. Dckt. No. 45 at
6 16 (Table of Contents), 35 ("April 18th 2006 602 Informal Level Return"). In his declaration,
7 plaintiff states that his attempts to resolve the problem with floor staff were fruitless. *Id.* at 22.
8 However, rather than re-submitting his form to the Appeals Coordinator as instructed, plaintiff
9 decided to bypass this level and proceed directly to the second level by re-submitting the appeal
10 to the warden. *Id.* at 19 ("602 of April 17th 2006"), 22. *See also* Cal. Code Regs. tit. 15,
11 § 3084.5(c) ("Second level is for review of appeals denied at first level or for which first level is
12 otherwise waived by these regulations."). As plaintiff admittedly failed to follow proper
13 procedures, he has not shown that this grievance exhausted his First Amendment claim. *See*
14 *Woodford*, 548 U.S. at 83-84 (requiring proper exhaustion).

15 As noted above, defendant has the burden to raise and prove the affirmative defense of
16 failure to exhaust administrative remedies. *See Jones*, 127 S. Ct. at 921; *Wyatt*, 315 F.3d at
17 1119. Defendant has presented evidence carrying his burden in this regard. Plaintiff has not
18 responded with evidence demonstrating that he exhausted his administrative remedies, or that
19 such administrative remedies were unavailable, or that prison officials effectively obstructed his
20 ability to pursue his grievance through the director's level of review. *See Ngo v. Woodford*, 539
21 F.3d 1108, 1110 (9th Cir. 2008). He simply has not presented evidence sufficient to establish a
22 genuine dispute of material fact over this issue. Accordingly, the court concludes that plaintiff
23 has failed to properly exhaust his administrative remedies with respect to his claims and that
24 defendants' motion to dismiss must therefore be granted.
25 ////
26 ////

## IV. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendants' January 19, 2010 motion to dismiss be granted;

2. Defendants' January 19, 2010 motion to sever therefore be denied as moot; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 16, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE